Thomas C. Chimera, J.
Tins application, pursuant to subdivision 2 of section 406 of the Civil Practice Act, for the issuance of a warrant of attachment of the person of respondent, John Scalish, for failure to honor the subpoena of the Commission of Investigation of the State of New York, petitioner, is resisted on two grounds: (1) immunity from service, and (2) nonservice.
Respondent, one of the visitors to the highly publicized Apalachin “ Rendezvous ” was arrested by agents of the United States Government in Cleveland, Ohio, on May 25,1959, pursuant *390 to a warrant issued by the United States District Court for the Southern District of New York. The warrant was founded on an indictment returned May 13, 1959, charging him with conspiracy. He was immediately arraigned in Cleveland, Ohio, before a United States Commissioner and waived a hearing. Bail was fixed by the Commissioner in the sum of $25,000 and respondent immediately executed and submitted to the District Court for the Northern District of Ohio, Eastern Division, a proper appearance bond which read in part as follows: ‘ ‘ The condition of this bond is that the defendant John T. Soalish is to appear in the United States District Court for the Southern District of New York at New York, New York, in accordance with all orders and directions of the Court relating to the appearance of the defendant before the Court in the case of United States v. John T. Scalish, File number-; and if the defendant appears as ordered, then this bond is to be void, but if the defendant fails to perform this condition payment of the amount of the bond shall be due forthwith.”
On June 4, 1959 respondent appeared in the United States District Court for the Southern District of New York and was duly arraigned on the indictment above mentioned. In that proceeding bail was set and- promptly posted in the sum of $15,000 and he was released on bail to await trial. Respondent thereafter appeared for an extended trial resulting in his conviction as well as the conviction of others similarly charged.
Service of the contested subpoena, returnable forthwith, is claimed by petitioner to have been effected upon respondent, as the latter emerged from the United States Courthouse, immediately after the jury verdict, on December 18, 1959.
The right and, indeed, the duty of petitioner, pursuant to chapter 989 of the Laws of 1958 of the State of New York, to issue the subpoena in question is not contested in this proceeding and will not be touched upon.
Respondent’s claim of immunity is grounded on the time-honored privilege having its origin in the necessity for protecting courts from interruption and delay and witnesses or parties from the temptation to disobey the process of the courts and it has always been held to extend to every proceeding of a judicial nature not excluding criminal proceedings. This privilege accorded suitors and witnesses in attendance in a court outside the territorial jurisdiction of their residences grants them immunity from service of process and from liability to other criminal and civil prosecution, when coming, remaining or about to return to their origins outside the State and will not be extended beyond the reason of the rule upon which it is founded. *391 Werner, J., speaking for the Court of Appeals in Netograph Mfg. Co. v. Scrugham (197 N. Y. 377, 380) enunciated the law of the ‘ ‘ case ’ ’ with commendable clarity, thus: 1 ‘ Since the obvious reason of the rule is to encourage voluntary attendance upon courts and to expedite the administration of justice, that reason fails when a suitor or witness is brought into the jurisdiction of a court while under arrest or other compulsion of law. Such a suitor or witness does nothing to encourage or promote voluntary submission to judicial proceedings.”
Respondent’s suggestion that his waiver of examination before the United States Commissioner in Cleveland, Ohio, was in effect a voluntary election to submit to the jurisdiction of the United States District Court of the Southern District of New York is without merit. It ignores the fact that he was under arrest at the time of his “ election ” and that his admission to bail was conditioned on his appearance before the United States District Court in New York.
The only purpose of the proceedings before the Commissioner in Cleveland, Ohio, was to afford “ safeguards to a defendant against an improvident removal to a distant point for trial”. (Federal Rules Grim. Pro., rule 40, subd. [b], par. [3].) Wherever the venue may have been set in that proceeding, he was under a compulsion to attend. He was never free to make a choice!
Moreover, he was at all times under arrest for the very crime for which he came here to be tried. Admission to bail was a mere extension of his arrest. For a well-reasoned summary of this and all other points so far touched upon, the opinion in “Netograph ” (supra) is highly recommended.
This court cannot understand why respondent leans so heavily on the decision and opinion in Thermoid Co. v. Fabel (4 N Y 2d 494). That case is clearly distinguishable. There Fabel, who was in North Carolina when indicted, was never served with a summons or warrant or arrested in the criminal cause and no such proceeding became necessary since four days after indictment he surrendered to the District Court in New York City.
Moreover, citing “ Netograph ” (supra) Desmond, J., in the “ Thermoid ” opinion clearly confirms the law of this “ case ” when he says (p. 499): “ It follows reasonably and logically that there is no such immunity for one who has been ‘ brought into the jurisdiction of a court while under arrest or other compulsion of law ’ ”.
The issue of nonservice cannot be disposed of at this time, bound as it is in questions of fact and credibility.
*392 Accordingly, that issue is set down for traverse before this court at Special and Trial Term, Part VII, on January 12,1960, at 10:00 a.m. In the meantime final disposition of this motion will be held in abeyance.
Submit order.